UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE ESTATE OF SHELDON SAMUEL, by the
Administrator of his Estate, DIAMOND MORRIS,

                    Plaintiff,

     -against-                     **17 CV 5518 (ERK) (RML)**

JONATHAN CALDERON, VANCE MERRICK,
DANIEL MOLINSKI, ASHLEY GONZALEZ,
and DEAN ROBERTS,                **THIRD AMENDED COMPLAINT**

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff, as and for their Third Amended Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

       1.     At all times hereinafter mentioned, Sheldon Samuel was an adult male who resided in Queens County, New York. On or about March 6, 2016, Sheldon Samuel died while hospitalized in Kings County.

       2.     The Administrator of the Estate of Sheldon Samuel, Diamond Morris, is an adult resident of Kings County, New York.

       3.     At all relevant times hereinafter mentioned, defendant Jonathan Calderon, Shield No. 8217, was employed by the City of New York as a member of the New York City Police Department ("NYPD"). Calderon is sued herein in his/her individual capacity.

       4.     At all relevant times hereinafter mentioned, defendant Vance Merrick, Shield No. 2912, was employed by the City of New York as a member of the NYPD. Merrick

is sued herein in his/her individual capacity.

5. At all relevant times hereinafter mentioned, defendant Daniel Molinski, whose Shield and/or Tax Numbers are not presently known to plaintiff, was employed by the City of New York as a member of the NYPD. Molinski is sued herein in his/her individual capacity.

6. At all relevant times hereinafter mentioned, defendant Ashley Gonzalez, whose Shield and/or Tax Numbers are not presently known to plaintiff, was employed by the City of New York as a member of the NYPD and was partnered with defendant Calderon. Gonzalez is sued herein in her individual capacity.

7. At all relevant times hereinafter mentioned, defendant Dean Roberts, Tax No. 937392, was employed by the City of New York as a member of the NYPD. Roberts is sued herein in his/her individual capacity.

8. Defendants Calderon, Merrick, Molinski, Gonzalez, and Roberts are referred to collectively herein as the "NYPD defendants."

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 42 U.S.C. § 1983.

10. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendants reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

11. During the evening hours of February 21, 2016, Sheldon Samuel was driving a motor vehicle in Brooklyn, New York.

12. At approximately 11:00 pm, he suffered a cerebral vascular accident (commonly known as a stroke or CVA) while driving.

13. Sheldon Samuel was not intoxicated and had not been drinking alcohol in the hours prior to suffering a CVA.

14. The stroke caused Sheldon Samuel to crash his vehicle at a low rate of speed near the intersection of Glenmore and Sheffield Avenues in Brooklyn.

15. Instead of recognizing that Sheldon Samuel was in the midst of a medical emergency, the NYPD defendants, including both those at the scene and those who arrived shortly thereafter, responded to Samuel as though he were a violent criminal.

16. The NYPD defendants acted in concert by using excessive force on Sheldon Samuel, smashing his car window, violently pulling him from his vehicle, throwing him to the pavement, and pummeling him, or by standing by and allowing this assault to happen without interference.

17. Despite knowing that Sheldon Samuel had just crashed his automobile and then been subjected to violent force, the NYPD defendants police officers did not promptly call for an ambulance or any other sort of medical assistance, and were and remained deliberately indifference to his serious medical condition.

18. Instead, to cover for and justify their use of force against Sheldon Samuel, the NYPD defendants arrested Sheldon Samuel, and placed him in handcuffs and put him in an NYPD vehicle.

19. The NYPD defendants then transported Sheldon Samuel, or caused him to be transported, to Brookdale in the back of a police car.

20. The NYPD defendants, in an effort to cover up and otherwise justify their use of force against Sheldon Samuel, fabricated and conspired to fabricate evidence, including that Sheldon Samuel was intoxicated by alcohol, and informed the medical providers at Brookdale of this falsehood.

21. For example, Roberts, Calderon, Gonzalez, and Molinski falsely alleged that Sheldon Samuel smelled of alcohol, attempted to assault them with his vehicle, resisted arrest, and refused to provide blood at the hospital to ascertain his blood alchohol content. The NYPD defendants further falsely claimed that Samuel's injuries were strictly the result of the car accident in order to cover up and disguise their use of force against him.

22. The NYPD defendants' materially false statements to Brookdale medical personnel brought about and contributed to, or otherwise brought about a delay of two-and-a-half days for Brookdale medical providers to recognize that Sheldon Samuel was suffering from a stroke and otherwise constituted a denial and interference with Sheldon Samuel's access to medical care.

23. Tests later performed by/at Brookdale revealed that there was no alcohol detectable in Sheldon Samuel's blood.

24. Merrick was the highest ranking officer at the scene, and thus oversaw, authorized, directed, partook, and/or acquiesced in the NYPD defendants' violation of Sheldon Samuel's constitutional rights.

25. During and after that two-and-a-half day period, Sheldon Samuel was continuously handcuffed and shackled in NYPD custody.

26. Sheldon Samuel died at Brookdale Medical Center on March 6, 2016,

from complications related to his stroke.

27. Sheldon Samuel was deprived of his dignity as he remained handcuffed, shackled and under arrest in Brookdale Hospital from the night of February 21, 2016, until the time of his death on March 6, 2016.

28. An autopsy showed the damage done to Sheldon Samuel's brain from the stroke and its sequelae, and the injuries Sheldon Samuel had to his body. More than two weeks after being subjected to excessive force in the course of his false arrest, Sheldon Samuel's body was still covered in contusions and abrasions which were caused by the forced used by the NYPD defendants and their accomplices and co-conspirators.

29. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(Section 1983 False Arrest Claim Against the NYPD Defendants)

30. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

31. The NYPD defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

32. Sheldon Samuel had not been engaged in any criminal conduct, nor was he engaged in any conduct that could reasonably be viewed as criminal.

33. Despite the absence of sufficient legal cause, Sheldon Samuel was arrested and kept in custody for a period of many days.

34. To the extent that any of the NYPD defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on Sheldon Samuel, but failed to intervene in any way.

35. By so doing, the NYPD defendants directly subjected plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution, or otherwise failed to intervene in their fellow defendants' misconduct and permitted their constitutional violations to occur and continue without abatement.

36. By reason thereof, the NYPD defendants have violated 42 U.S.C. §1983 and caused Sheldon Samuel to suffer physical injuries and the loss of his life, and all attendant damages, including the loss of enjoyment of life.

## SECOND CAUSE OF ACTION

(Section 1983 Excessive Force Claim Against the NYPD Defendants)

37. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

38. The NYPD defendants responded to the site of Sheldon Samuel's slow moving vehicular accident where they encountered Sheldon Samuel suffering a stroke. Instead of calling for an ambulance or otherwise seeking to provide or obtain emergency medical treatment, they assaulted Sheldon Samuel, violently battering and shackling Samuel.

39. The physical injuries inflicted on Sheldon Samuel were such that at the time of his death he was still covered in contusions and abrasions from the force employed by the NYPD defendants and their accomplices and co-conspirators two weeks earlier.

40. The NYPD defendants' use of force against Sheldon Samuel was objectively unreasonable under the facts and circumstances available to the NYPD defendants at the time.

41. To the extent that any one of the NYPD defendants did not personally engage in any of the aforementioned conduct, said defendant witnessed this conduct as it occurred, was aware that it was occurring or would occur, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

22. By so doing, the NYPD defendants directly subjected Sheldon Samuel to excessive force, or otherwise failed to intervene in the use of excessive force against Sheldon Samuel, and aided and abetted in the violation of, Samuel's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

42. The NYPD defendants' use of force, and fabricated statements and lies to medical care providers to cover up this misconduct, denied and delayed Sheldon Samuel's access to necessary and life-saving medical treatment.

43. As a result of the foregoing, the NYPD defendants caused Sheldon Samuel to sustain and suffer severe and serious personal injuries, including death.

44. By reason thereof, the NYPD defendants have violated 42 U.S.C. §1983 and caused Sheldon Samuel to suffer physical injuries and the loss of his life, and all attendant damages, including the loss of enjoyment of life.

### THIRD CAUSE OF ACTION

(Section 1983 Denial of Medical Care Claim Against the NYPD Defendants)

45. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

46. The NYPD defendants knew, or should have known, that Sheldon Samuel required prompt medical care and attention.

47. The NYPD defendants deliberately misled, misinformed, and otherwise lied to medical care providers at Brookdale as to the cause and nature of Sheldon Samuel's medical condition by minimizing and reducing his condition to simple intoxication.

48. By so doing, the NYPD defendants intentionally delayed, interfered with, and limited Samuel's medical care in a material manner such that it effectively denied and delayed him access to critical care and treatment.

49. By so doing, the NYPD defendants were deliberately indifferent to Sheldon Samuel's serious medical needs, and the impact and effect that misstatements and false statements to medical care providers would have on his health and well being.

50. The NYPD defendants' deliberate and willful interference in Sheldon Samuel's medical care was objectively unreasonable.

51. To the extent that any one of the NYPD defendants did not personally engage in any of the aforementioned conduct, said defendant witnessed this conduct as it occurred, was aware that it was occurring or would occur, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so. In so doing, the NYPD defendants violated Sheldon Samuel's right to medical care under the United States Constitution.

52. By reason thereof, the NYPD defendants have violated 42 U.S.C. §1983 and caused Sheldon Samuel to suffer physical injuries and the loss of his life, and all attendant damages, including the loss of enjoyment of life.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the defendants jointly and severally as follows:

i. actual and punitive damages against each defendant in an amount to be determined at trial;

ii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, as well as disbursements, and costs of the action; and

iii. such other relief as the Court deems just and proper.

Dated: New York, New York
May 14, 2021

Respectfully submitted,

Attorneys for Plaintiff

THE RAMEAU LAW FIRM
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759

/s/ Amy Rameau
_____
Amy Rameau, Esq.


LUMER LAW GROUP
233 Broadway, Suite 900
New York, New York 10279
(212) 566-5060

/s/ Michael Lumer
_____
Michael Lumer, Esq.